UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-2747-SVW | Date | June 6, 2025 |
|---|---|---|---|

| Title | *Jim Wilcox v. Stryker Corporation et al.* |
|---|---|

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [12]

### I. Introduction

Before the Court is Plaintiff Jim Wilcox's motion to remand. ECF No. 12. For the following reasons, Plaintiff's motion is GRANTED.

### II. Background

#### A. Factual Background

Plaintiff's complaint makes the following allegations relevant to his remand motion:

Defendant Stryker Corporation ("Stryker") sells medical technologies. From 1999 through 2024, Plaintiff worked for Defendant Stryker Corporation as a Territory Sales Manager. Compl. ¶ 13.

During his 25-year tenure at Stryker, Plaintiff performed well. He received promotions, exceeded company goals, and earned significant bonuses. *Id.* ¶ 14. His performance reviews reflected this positive performance—Plaintiff was repeatedly marked as "consistently effective" in his reviews. *Id.*

:

| Initials of Preparer | PMC |
|---|---|

| | UNITED STATES DISTRICT COURT | JS-6 |
|---|---|---|
| | CENTRAL DISTRICT OF CALIFORNIA | |
| | CIVIL MINUTES - GENERAL | |

| Case No. | 2:25-cv-2747-SVW | Date | June 6, 2025 |
|---|---|---|---|
| Title | *Jim Wilcox v. Stryker Corporation et al.* | | |

But starting in the early 2020s, Plaintiff's experience with Stryker soured. It started when Stryker expanded Plaintiff's job duties such that he was expected "to take on the role of two managers." *Id.* ¶ 16. He asked management for help managing this large workload on several occasions, but his requests "were blatantly ignored." *Id.* ¶ 16. Plaintiff's workload was unusual; other employees in his position were not held to the same standard. *Id.*

In 2023, Plaintiff's mother fell ill and ultimately passed away. *Id.* ¶ 17. Stryker did not offer Plaintiff bereavement leave during this time. *Id.* Plaintiff nonetheless took time off to deal with his mother's passing. *Id.* Stryker did not approve of this, and responded by "further harass[ing] Plaintiff. *Id.*

In January 2024, Plaintiff's manager, Lauren Peadon, told him that his work was "on track." *Id.* ¶ 18. Despite this praise, Stryker placed Plaintiff on a Performance Improvement Plan ("PIP") just one week later. *Id.*

Stryker placing Plaintiff on a PIP caused Plaintiff extreme stress and anxiety that culminated in him receiving treatment for "extreme hypertension." *Id.* ¶ 19. His medical condition ultimately deteriorated to the extent that his doctors "placed him on leave due to his medical condition." *Id.* ¶ 19.

In February 2024, Plaintiff learned that he would not be receiving a bonus. *Id.* ¶ 20. This took Plaintiff by surprise, as he had been told in late 2023 that he would receive a bonus. *Id.* Two months later, Stryker terminated Plaintiff's employment. *Id.* ¶ 21.

All in all, Plaintiff alleged that "[d]espite his consistently stellar performance, [he] became the target of harassment, retaliation, and discrimination by Defendants including Stephanie Doyle, Regional Sales Manager, due to his age, medical condition, physical or mental disability (including a perceived or associational disability), and because he engaged in protected activities." *Id.* ¶ 15.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT　　　JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-2747-SVW | Date | June 6, 2025 |
|---|---|---|---|

| Title | *Jim Wilcox v. Stryker Corporation et al.* |
|---|---|

### B. Procedural History

On January 6, 2025, Plaintiff brought a litany of employment related claims against Defendants Stryker Corporation, Stryker Employment Company, LLC, and Stephanie Doyle. ECF No. 1-5. Most of Plaintiff's claims are directed at the two Stryker entities: Stryker Corporation and Stryker Employment Company, LLC (collectively, "Stryker"). But two of Plaintiff's claims are against all Defendants, including Stephanie Doyle: Harassment in Violation of FEHA (Count 4) and Intentional Infliction of Emotional Distress (Count 10).

Stryker removed the case to this Court on March 28, 2025. ECF No. 1. Plaintiff moved to remand one month later, on April 28, 2025.

### III. Legal Standard

"Federal courts are courts of limited jurisdiction . . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). As such, a federal court can only exercise jurisdiction over actions where a federal question exists, or where there is (1) complete diversity of citizenship between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1441(a), "a defendant may remove any action filed in state court if a federal district court would have had original jurisdiction." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2021). The Ninth Circuit strictly construes the removal statute against removal, and jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1997). Accordingly, there is a strong presumption against removal jurisdiction that results in the defendant shouldering the burden of establishing that removal is proper. *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir.1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988)). The burden includes "actually proving

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-2747-SVW | Date | June 6, 2025 |
|---|---|---|---|
| Title | *Jim Wilcox v. Stryker Corporation et al.* | | |

the facts to support jurisdiction, including the jurisdictional amount." *Id.* at 567. (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

### IV.     Discussion

#### A.  Fraudulent Joinder

Stryker removed this case by invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). ECF No. 1. Diversity jurisdiction requires that the removing party demonstrate that there is both complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)-(a)(1).

The parties do not dispute that the amount in controversy exceeds $75,000. So jurisdiction turns on the question of complete diversity. For there to be complete diversity, "each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Here, the parties do not dispute that Plaintiff is a citizen of California, Defendant Stryker (both Stryker Corporation and Stryker Employment, LLC) is a citizen of Michigan, and Defendant Stephanie Doyle is a citizen of California. *See* Compl. ¶¶ 2-4. Accordingly, assuming all three defendants were properly named, there is no complete diversity in this case—both Plaintiff and Doyle are citizens of California.

But this facial lack of diversity does not end the Court's analysis. This is because "[i]n determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare*, 889 F.3d at 548. That is exactly what Stryker contends here: that Doyle is a fraudulently joined defendant such that its California citizenship does not undermine complete diversity.

The Court thus turns to the question central to Plaintiff's remand motion: is Doyle a fraudulently joined defendant? "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of

|  | : |
|---|---|
| Initials of Preparer | PMC |

| | | |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | JS-6 |
| Case No. | 2:25-cv-2747-SVW | Date  June 6, 2025 |
| Title | *Jim Wilcox v. Stryker Corporation et al.* | |

jurisdictional facts, or (2) inability to establish a cause of action against the non-diverse party in state court." *Id.* at 548. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). To make this showing, "[t]he defendant seeking removal to federal court is entitled to present facts showing the joinder to be fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

Stryker argues that Doyle is fraudulently joined under the second prong: that Plaintiff cannot establish a cause of action against Doyle. Making this showing requires proving "that an individual joined in the action cannot be liable on any theory." *Grancare, LLC*, 889 F.3d at 548. "[I]f there is [even] a *possibility* that a state court would find the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Id.* (emphasis in original). Indeed, the inability a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Computer Systems v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002). These high standards reflect the principle that "a defendant invoking federal diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against finding fraudulent joinder." *Grancare, LLC*, 889 F.3d at 548. (quotations omitted) (cleaned up).

Stryker fails to establish that Doyle is a fraudulent defendant. Yes, Stryker is likely correct that Plaintiff's FEHA and IIED claims against Doyle do not pass the 12(b)(6) standard. The central allegation against Doyle—that she harassed, retaliated, and discriminated against Plaintiff due to his age, medical condition, physical or mental disability, and engagement in protected activities—is undoubtedly conclusory and insufficient to state a plausible claim for relief that survives the federal *Iqbal*/*Twombly* standard.

But the question for the Court is not whether Plaintiff **has** sufficiently stated a claim for FEHA harassment or IIED—it is whether it is **possible** that Plaintiff **could** state such a claim. *See Grancare*, 889 F.3d at 548 ("[I]f there is a *possibility* that a state court would find the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court."). Indeed, "the test for fraudulent joinder and for failure to state a claim under Rule

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | 2:25-cv-2747-SVW | Date | June 6, 2025 |
| Title | *Jim Wilcox v. Stryker Corporation et al.* | | |

12(b)(6) are not equivalent." *Id.* at 549. Rather, "the standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction. *Id.* (quotations omitted). Accordingly, even "[i]f a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there." *Id.* at 550. The district court "must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.*

Stryker, who bears the burden of proof on this issue, provides no reason why Plaintiff would not be able to cure his claims against Doyle through amendment. Rather, Stryker focuses its briefing on Plaintiff's failure to supply evidence to support its claims against Doyle. But this is not summary judgment. It is a fraudulent joinder inquiry. Stryker, not Plaintiff, "bears [the] heavy burden" or rebutting the "general presumption against finding fraudulent joinder." *Id.* at 548.

The deficiencies in Plaintiff's claims are factual, not legal. In essence, Plaintiff was not specific enough in his complaint about what actions Doyle took that constituted harassment. This deficiency is not unsurprising. Plaintiff filed his complaint in California state court, which applies a notice pleading standard, not the *Iqbal*/*Twombly* plausibility standard.

Plaintiff could easily cure his lack of specificity through amendment. Indeed, he gives the Court a preview of these additional allegations in his motion for remand. For example, he states in his motion that Doyle "bad mouthed" him and "blamed him for the loss of [a] contract and spread the untrue rumor that Plaintiff was no longer performing well for the company." Pl. Mot. to Remand ("Mot.") at 3-4, ECF No. 12. There is no reason to think that Plaintiff could not add these allegations, and others, in a first amended complaint such that a California court would allow his claims to survive the pleadings stage.

Accordingly, were a California court to evaluate this case, it would not find that there was no "possibility" that Plaintiff could state a claim against Doyle. Rather, it would provide Plaintiff the opportunity to amend his complaint—an implicit acknowledgment that such a possibility exists. And while it is certainly possible those amendments would not bear fruit, that his claims may ultimately fail

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | 2:25-cv-2747-SVW | Date | June 6, 2025 |
| Title | *Jim Wilcox v. Stryker Corporation et al.* | | |

does not mean that, as a matter of law, it is "obvious according to the well-settled rules" of California that Plaintiff cannot possibly state a claim against Doyle. *See id.*

In short, while Plaintiff's claims may fail to state a claim, Stryker fails to bring evidence that these deficiencies could not be cured through amendment. Under these circumstances, a finding of fraudulent joinder is improper. *See Garcha v. Quality Quartz Eng'g, Inc.*, No. 19-cv-01989-YGR, 2019 WL 2464489, at *5 (N.D. Cal. June 13, 2019) ("Thus, although the Court takes no position on whether plaintiff has pleaded sufficient facts to successfully state a claim for relief against [the allegedly fraudulent defendant], it is at least possible that plaintiff may be able to state such a claim, either based on the complaint as pleaded or if granted leave to amend . . . the Court [thus] finds that defendants have failed to meet their burden to show that [the defendant at issue] was fraudulently joined."); *see also Bowles v. Constellation Brands, Inc.*, 444 F. Supp. 3d 1161, 1179 (E.D. Cal. 2020) ("[D]efendants conflate their burden to establish an insufficiently pled claim under Rule 12(b)(6) with the impossibility standard of the fraudulent joinder doctrine, and, in doing so, have failed to address how it is impossible for plaintiff to cure the pleading deficiencies identified above[.]"); *Garcia v. Hertz Loc. Edition Corop.*, No. 23-cv-0127, 2023 WL 7386685, at *3 (S.D. Cal. Nov. 8, 2023) (granting the plaintiff's motion to remand despite "the noted deficiency in his FEHA harassment claim" because plaintiff's "FEHA harassment claim is [not] so completely devoid of merit to render it frivolous or wholly insubstantial, especially in light of California's notice pleading standard and Plaintiff's request to amend").

### B. Service

Stryker also argues that removal was appropriate because, at the time of removal, Plaintiff had not yet served Doyle. Not so.

"Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969). Put simply, "service has no bearing on whether complete diversity exists." *Terell v. Morgan Truck Body, LLC*, No. 5:24-cv-00824-

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

| | | | |
|---|---|---|---|
| UNITED STATES DISTRICT COURT | | | JS-6 |
| CENTRAL DISTRICT OF CALIFORNIA | | | |
| CIVIL MINUTES - GENERAL | | | |

| Case No. | 2:25-cv-2747-SVW | Date | June 6, 2025 |
|---|---|---|---|
| Title | *Jim Wilcox v. Stryker Corporation et al.* | | |

SB, 2024 WL 2846721, at *1 (C.D. Cal. June 5, 2024) (rejecting the defendant's argument that a defendant's citizenship could be disregarded because they were not served at the time of removal).

Stryker's reliance on the text of 28 U.S.C. § 1441(b)(2), often referred to as the "forum-defendant rule," is misguided. That statute provides that: "[a] civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b)(2).

But this section only applies to a "civil action ***otherwise removable*** solely on the basis of [diversity jurisdiction]." *Id.* (emphasis added). This action is not otherwise removable. There is no complete diversity in this case—Doyle and Plaintiff are both California citizens. Section 1441(b)(2) therefore does not apply to this case. Stryker cannot use it as a backdoor to diversity jurisdiction. *See Terell*, 2024 WL 2846721, at *1 (rejecting an identical argument and noting that "forum-defendant rule is relevant only when there is original jurisdiction ***and*** the non-served defendant is a citizen of the forum state. Properly understood, this rule thus serves as a limitation on removal rather than as an expansion of diversity jurisdiction").

### V.  Conclusion

For the foregoing reasons, Plaintiff's motion to remand is GRANTED. This case is remanded back to California state court.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | PMC |